## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| JONATHAN COHEN; RADIO 95, INC.; ) <br> JKC COMMUNICATIONS OF THE ) <br> VIRGIN ISLANDS; and CLARA ) <br> COMMUNICATIONS CORPORATION, ) <br>     ) <br>             Petitioners, ) <br>     ) <br>     v.    ) <br>     ) <br> VIRGIN ISLANDS BUREAU OF ) <br> INTERNAL REVENUE, ) <br>     ) <br>             Respondent.    ) | Case No. 1:14-cv-00023 <br><br> Petition to Quash Tax Summons <br> Pursuant to 26 U.S.C. § 7609 |

### PETITION TO QUASH UNLAWFUL SUMMONSES ISSUED BY
### VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

Jonathan Cohen ("Mr. Cohen"); Radio 95, Inc. ("Radio 95"); JKC Communications of the Virgin Islands, Inc. ("JKC-Com"); and Clara Communications Corporation ("Clara-Com" and, together with Mr. Cohen, Radio 95, JKC-Com and Clara-Com, "Petitioners") by and through their undersigned counsel, Eckard, PC, petition this Court pursuant to 26 U.S.C. § 7609 for an order quashing certain summonses issued unlawfully by the Virgin Islands Bureau of Internal Revenue ("VIBIR") and, in support of this Petition, states as follows:

### PRELIMINARY STATEMENT

1.  This is a civil action to quash summonses issued by VIBIR, with respect to Mr. Cohen, Radio 95, JKC-Com and Clara-Com (collectively, the "Summonses"), in blatant violation of, *inter alia*, 26 U.S.C. § 7602(d)(1), which provides that "no summons may be issued under this title . . . with respect to any person if a Justice Department referral is in effect with respect to such person."  26 U.S.C. § 7602(d)(1).  The VIBIR's bad faith in serving the Summonses is exacerbated by obvious gamesmanship which, upon information and belief, was

Case: 1:14-cv-00023-WAL-GWC Document #: 1 Filed: 05/21/14 Page 2 of 11

Cohen v. Virgin Islands Bureau of Internal Revenue (Case No. 1:14-cv-00023)
Petition to Quash VIBIR Tax Summons
Page 2 of 11

intended to prevent timely notice of certain of the Summonses to Mr. Cohen in advance of the commencement of the above-captioned action (this "Action"). Mr. Cohen respectfully requests, among other things, that the Summonses be quashed and that the Court include a finding of bad faith in its order.

## PARTIES

2. Mr. Cohen is an adult individual and citizen of the United States Virgin Islands.

3. Radio 95 is a Virgin Islands corporation wholly owned by Mr. Cohen which has elected to be treated as an "S" Corporation for taxation purposes.

4. JKC-Com is a Virgin Islands corporation wholly owned by Mr. Cohen which has elected to be treated as an "S" Corporation for taxation purposes.

5. Clara-Com is a Virgin Islands corporation wholly owned by Mr. Cohen which has elected to be treated as an "S" Corporation for taxation purposes.

6. VIBIR is subject to service of process in this judicial district. Under 26 U.S.C. § 7609, VIBIR waived its sovereign immunity for the present action.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to Section 22 of the Revised Organic Act of 1954.

8. Venue is appropriate in this judicial district pursuant to 26 U.S.C. § 7609(h) because James Sheets, CPA, and Banco Popular de Puerto Rico, either reside in or are found in the Virgin Islands.

Case: 1:14-cv-00023-WAL-GWC   Document #: 1   Filed: 05/21/14   Page 3 of 11

Cohen v. Virgin Islands Bureau of Internal Revenue (Case No. 1:14-cv-00023)
Petition to Quash VIBIR Tax Summons
Page 3 of 11

# FACTUAL BACKGROUND

### A.   VIBIR Commenced a Criminal Action against Mr. Cohen on April 23, 2014.

9.   On April 23, 2014, VIBIR commenced a criminal action against Mr. Cohen in this Court (Case No. 1:14-cr-00041-WAL-GWC) (the "Criminal Action"), by filing a criminal complaint (the "Complaint"), signed by Janine Claxton, Special Agent of VIBIR ("Agent Claxton").

10.   Upon information and belief, VIBIR, with the assistance of the local criminal investigative unit of the United States Internal Revenue Service (the "IRS") had been investigating Mr. Cohen for months prior to commencement of the Criminal Action, pursuant to either (i) VIBIR's referral to the Virgin Islands Department of Justice ("VIDOJ") for prosecution of Mr. Cohen or (ii) VIDOJ's request for information related to Petitioners in connection with preparation for criminal prosecution.

### B.   The Sheets Summonses Were Served 27 Days Before Commencement of the Criminal Action.

11.   On March 28, 2014, just 27 days before the filing of the Complaint, Agent Claxton, for the VIBIR, issued civil summonses pursuant to 26 U.S.C. § 7602, to James P. Sheets, CPA, with respect to all of the Petitioners (collectively, the "Sheets Summonses").  A copy of the Sheets Summonses, together with a copy of the envelope in which they were served, together with a copy of the certified mail card is attached as Exhibit A.

12.   James Sheets, CPA, served as Petitioners' CPA for many years prior to commencement of the Criminal Action.

13.   The postmark on the Sheets Summonses (all mailed together) is April 1, 2014.

14.   The postmark indicates that it could have been applied internally, at VIBIR's offices.

Case: 1:14-cv-00023-WAL-GWC  Document #: 1  Filed: 05/21/14  Page 4 of 11

Cohen v. Virgin Islands Bureau of Internal Revenue (Case No. 1:14-cv-00023)
Petition to Quash VIBIR Tax Summons
Page 4 of 11

15. Inexplicably, the certified mail card attendant to the mailing of the Sheets Summonses indicates that the Sheets Summonses were not delivered to Mr. Cohen's mailbox until April 28, 2014 – despite being mailed from zip code 00822 to zip code 00824, both on the island of St. Croix.

16. The Sheets Summonses required that Mr. Sheets deliver documents on April 22, 2014.

17. Although the return address on the Sheets Summonses shows VIBIR's offices in Estate Diamond, the Sheets Summonses demanded that documents be delivered to the offices of the United States Attorney, at 1108 King Street, Suite 201, Christiansted, VI, 00820.

18. Upon information and belief, this Action was investigated and is being prosecuted by VIBIR with the assistance of the local criminal tax investigation unit of the United States Internal Revenue Service (the "IRS"), which has offices at 1108 King Street.

19. Upon information and belief, the IRS is assisting and therefore acting as an agent of VIBIR in connection with the Criminal Action.

### C. The Banco Popular Summons Was Issued *After* Commencement of the Criminal Action.

20. Six (6) days *after* the filing of the Complaint, Agent Claxton, for VIBIR, issued a civil summons pursuant to 26 U.S.C. § 7602, Banco Popular de Puerto Rico with respect to Mr. Cohen (the "Banco Popular Summons"). A copy of the Banco Popular Summons is attached as Exhibit B.

21. The Banco Popular Summons is dated April 29, 2014 and is post-marked May 1, 2014.

22. The Banco Popular Summons was received at Mr. Cohen's mailbox on May 2, 2014. As with the Sheets Summonses, the envelope in which the Banco Popular Summons was

Case: 1:14-cv-00023-WAL-GWC Document #: 1 Filed: 05/21/14 Page 5 of 11

Cohen v. Virgin Islands Bureau of Internal Revenue (Case No. 1:14-cv-00023)
Petition to Quash VIBIR Tax Summons
Page 5 of 11

served shows a return address in Estate Diamond but demands that documents be delivered to the offices of the United States Attorney, at 1108 King Street, Suite 201, Christiansted, VI, 00820.

### D. The Information.

23. On April 29, 2014, *the same day of issuance of the Banco Popular Summons*, the Government of the Virgin Islands ("GVI") filed an information (the "Information") formally charging Mr. Cohen with twenty-one (21) counts of violating 33 V.I.C. § 1524 (willful failure to file return, supply information or pay tax).

24. The twenty-one (21) counts of the Information relate to the alleged failure of Mr. Cohen to file various returns from April 15, 2009 through March 15, 2011, for himself, Radio 95, JKC-Com and Clara-Com.

## GOVERNING STANDARDS FOR TAX SUMMONSES

25. There are several requirements for the enforcement of a VIBIR summons:

> **First**, the summons must be issued before the [VIBIR] recommends to the Department of Justice that a criminal prosecution, which would reasonably relate to the subject matter of the summons, be undertaken. **Second**, the [VIBIR] at all times must use the summons authority in good-faith pursuant of the congressionally authorized purposes of § 7602. This second prerequisite requires the [VIBIR] to meet the Powell standards of good faith. It also requires that the Service not abandon in an institutional sense . . . the pursuit of civil tax determination or collection.

United States v. LaSalle National Bank, 437 U.S. 298, 318 (1978)

26. The Powell factors referred to by the Supreme Court in LaSalle dictate that, in order to succeed in enforcing a tax summons, VIBIR must show "[1] that the investigation will conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within [VIBIR's] possession, and [4] that the

Case: 1:14-cv-00023-WAL-GWC    Document #: 1    Filed: 05/21/14    Page 6 of 11

Cohen v. Virgin Islands Bureau of Internal Revenue (Case No. 1:14-cv-00023)
Petition to Quash VIBIR Tax Summons
Page 6 of 11

administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58 (1964).

27. "*In addition, [VIBIR] must not violate provisions of § 7602, including § 7602(d)(1), designed to ensure the summons is issued in good faith.*" Khan v. United States, 548 F.3d 549, 554 (7th Cir. 2008) (emphasis added).

28. 26 U.S.C. § 7602(d)(1) provides as follows:

> **(d) Limitation of Authority** – No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

26 U.S.C. § 7602(d)(1); see also 26 C.F.R. 301.7602-1(c)(1) ("[VIBIR] may neither issue a summons under this title nor initiate a proceeding to enforce a previously issued summons by way of section 7604 with respect to any person whose tax liability is in issue, if a Justice Department referral is in effect with respect to that person for liability.").

29. A Justice Department referral is in effect if:

> (i) [VIBIR] has recommended to the Attorney General . . . the criminal prosecution of such person for any offense connection with the administration or enforcement of the internal revenue laws, or
>
> (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

26 U.S.C. § 7602(d)(2)(A).

30. 26 U.S.C. § 7609(a)(1) provides as follows:

> If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be

Case: 1:14-cv-00023-WAL-GWC   Document #: 1   Filed: 05/21/14   Page 7 of 11

Cohen v. Virgin Islands Bureau of Internal Revenue (Case No. 1:14-cv-00023)
Petition to Quash VIBIR Tax Summons
Page 7 of 11

> given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.

31. 26 U.S.C. § 7609(a)(2) provides as follows:

> Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

32. To enforce a summons, VIBIR must first demonstrate a *prima facie* case by demonstrating that VIBIR satisfied the Powell factors (quoted above) and that the summons does not otherwise violate 26 U.S.C. § 7602. See, e.g., Gonzalez v. United States, 2011 WL 4688721, at *2 (N.D. Ill. October 4, 2011).

33. Upon demonstration of a *prima facie* case for VIBIR enforcement, the burden then shifts to the taxpayer to demonstrate a valid defense to the summons. The taxpayer may meet his burden by proving that VIBIR failed one of the Powell factors or by showing that VIBIR otherwise issued the summons in bad faith. Gonzalez v. United States, 2011 WL 4688721, at *2 (N.D. Ill. October 4, 2011) (citing 2121 Arlington Heights Corp. v. IRS, 109 F.3d 1221, 1224 (7th Cir. 1997)).

34. Even upon a *prima facie* showing, a summons issued pursuant to 26 U.S.C. § 7602 should nevertheless be quashed if its issuance and enforcement would be an abuse of process. See La Mura v. United States, 765 F.2d 974, 979-80 (11th Cir. 1985).

Case: 1:14-cv-00023-WAL-GWC    Document #: 1    Filed: 05/21/14    Page 8 of 11

Cohen v. Virgin Islands Bureau of Internal Revenue (Case No. 1:14-cv-00023)
Petition to Quash VIBIR Tax Summons
Page 8 of 11

# DISCUSSION

### A.  The Sheets Summonses.

35. A Pitney Bowes postmark dated April 1, 2014 was affixed to the envelope in which the Sheets Summonses were mailed via certified mail.

36. The Sheets Summonses were not delivered to Mr. Cohen's mail box until April 28, 2014, five (5) days after commencement of the Criminal Action.

37. The Sheets Summonses were not delivered to Mr. Cohen's mailbox until seven (7) days after his time to move to quash the Sheets Summonses had purportedly expired according to the purported date of mailing of the Sheets Summonses as indicated by the postmark affixed to the envelopes in which the Sheets Summonses were served.

38. Upon information and belief, James Sheets, CPA, had already delivered voluminous information to VIBIR in response to the Sheets Summonses by the time Mr. Cohen received notice of the Sheets Summonses.

39. Upon information and belief, VIBIR, as aided by the IRS, reviewed and analyzed information provided by James Sheets, CPA, prior to Mr. Cohen's receipt of the Sheets Summonses.

40. Upon information and belief, the Sheets Summonses were issued after the [VIBIR] recommended to the Department of Justice that a criminal prosecution of Mr. Cohen be undertaken, which, as shown by the Complaint and the Information, directly related to the subject matter of the Sheets Summonses.

41. The Sheets Summonses were issued in violation of 26 U.S.C. § 7602(d)(1).

42. The Sheets Summonses were issued in violation of 26 U.S.C. § 7609(a)(1) and (a)(2).

Case: 1:14-cv-00023-WAL-GWC   Document #: 1   Filed: 05/21/14   Page 9 of 11

Cohen v. Virgin Islands Bureau of Internal Revenue (Case No. 1:14-cv-00023)
Petition to Quash VIBIR Tax Summons
Page 9 of 11

43. VIBIR, as aided by the IRS, did not use its summons authority in good-faith pursuit of the congressionally authorized purposes of 26 U.S.C. § 7602.

44. VIBIR, as aided by the IRS, did not issue the Sheets Summonses in pursuit of civil tax determination or collection.

45. The Sheets Summonses were issued in bad faith.

46. The delayed mailing of the Sheets Summonses constitutes bad faith.

**B.     The Banco Popular Summons Was Served in Blatant Violation of 26 U.S.C. § 7602(d)(1).**

47. The Banco Popular Summons was served on the eighth (8th) day *after* commencement of the Criminal Action.

48. The envelope in which the Banco Popular Summons was served indicates that it was mailed May 1, 2014; the Criminal Action commenced on April 23, 2014.

49. The Banco Popular Summons was delivered to Mr. Cohen's mailbox on May 2, 2014.

50. The Banco Popular Summons was served in violation of 26 U.S.C. § 7602(d)(1).

51. The Banco Popular Summons was issued in bad faith.

### REQUEST FOR DISCOVERY AND EVIDENTIARY HEARING

52. Petitioners are entitled to discovery, including an evidentiary hearing, to identify, among other things: **(i)** the identities of the investigating agents; **(ii)** the date the investigation of Mr. Cohen began; **(iii)** the dates the agents filed reports recommending prosecution; **(iv)** the date on which relevant law enforcement authorities reviewed the recommendation for prosecution; **(v)** the date VIBIR, as aided by the IRS, referred the matter for prosecution; (vi) the dates (and copies of) all summonses issued pursuant to 26 U.S.C. § 7602 and **(vii)** the nature of any contacts relating to and during the investigation of Mr. Cohen, between the VIBIR and IRS investigating

Case: 1:14-cv-00023-WAL-GWC   Document #: 1   Filed: 05/21/14   Page 10 of 11

Cohen v. Virgin Islands Bureau of Internal Revenue (Case No. 1:14-cv-00023)
Petition to Quash VIBIR Tax Summons
Page 10 of 11

agents and any officials of the VI Department of Justice and/or any other territorial or federal law enforcement agency or other agency or department.  United States v. Garden State Nat'l Bank, 607 F.2d 61, 71 (3d Cir. 1979) (quoting United States v. Genser, 595 F.2d 146, 152 (3d Cir. 1979)).

**WHEREFORE, Petitioners respectfully request that the Court:**

(i) issue an order **(a)** quashing the Summonses; **(b)** finding that VIBIR acted in violation of 26 U.S.C. § 7602 and otherwise in bad faith in connection with the issuance of the Sheets Summonses, the delayed mailing of the Sheets Summonses and the issuance of the Banco Popular Summons; **(c)** ordering the immediate return of all documents and information provided to VIBIR and/or the IRS in connection with any of the Summonses, as well as any documents or information developed from documents or information provided in connection with the Summonses; **(d)** ordering that VIBIR and any of its agents, including the IRS, destroy and fully discharge from their possession, custody or control any copies of any documents or information provided in connection with or developed from the Summonses; and **(e)** prohibiting VIBIR and any of its agents, including the IRS, from using in any civil or criminal proceeding any documents or information provided pursuant to any of the Summonses or developed from any such documents or information;

**OR**

(ii) permitting Petitioners to take discovery of VIBIR and any of its agents, including the IRS, to determine or identify, through traditional written and oral fact discovery and an evidentiary hearing: **(a)** the nature and extent of the bad faith

Case: 1:14-cv-00023-WAL-GWC   Document #: 1   Filed: 05/21/14   Page 11 of 11

Cohen v. Virgin Islands Bureau of Internal Revenue (Case No. 1:14-cv-00023)
Petition to Quash VIBIR Tax Summons
Page 11 of 11

involved in connection with the issuance and mailing of the Summonses and to develop an understanding of the appropriate remedies and sanctions warranted as a result of such bad faith; **(b)** among others, the information listed in <u>United States v. Garden State Nat'l Bank</u>, 607 F.2d 61, 71 (3d Cir. 1979); and **(c)** other information appropriate to the inquiry permitted by the Court;

**AND, IN EITHER CASE,**

(iii)    granting to Petitioners such other and further relief as is just.

Respectfully submitted,

**ECKARD, PC**

Dated: May 21, 2014        By:   /s/ *Mark W. Eckard*
                                  Mark W. Eckard (No. 1051)
                                  OFFICE: #1 Company Street
                                  MAIL: P.O. Box 24849
                                  Christiansted, VI 00824
                                  Telephone: 340.514.2690
                                  Fax: 855.456.8784
                                  Email: mark@markeckard.com

                                  Counsel to Petitioners